**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| CLYDE THOMAS HULL | : | NO. 07-38-16 |

**MEMORANDUM RE: MOTION FOR RECONSIDERATION RE: CAREER OFFENDER STATUS**

**Baylson, J.**                                                                                                           **July 18, 2011**

Defendant Clyde Thomas Hull ("Defendant") has filed a Motion for Reconsideration (ECF No. 798/799) of the Court's ruling that Defendant is a "career offender" under the United States Sentencing Guidelines (the "Guidelines"), U.S.S.G. § 4B1.1. For the following reasons, the Court will grant Defendant's Motion for Reconsideration and hold that Defendant does not have "career offender" status for purposes of sentencing.

**I.     Background**

The Second Superseding Indictment (the "Indictment") in this case accused 21 individuals of participating in a conspiracy from in or about 2003 to on or about May 21, 2009, and substantive narcotics charges, arising out of conduct in the City of Chester. Sixteen defendants pled guilty. Following a jury trial, on March 15, 2011, Defendant was acquitted on one count of conspiracy and found guilty on three counts of distribution of a controlled substance. The Probation Department calculated Defendant's advisory sentence under the Guidelines at 51-63 months. In the Government's Sentencing Memorandum (ECF No. 779) and at Defendant's sentencing hearing, which began on June 22, 2011, the Government objected to

the Probation Department's calculation on the basis that Defendant should be classified as a "career offender." A defendant is classified as a career offender under the Guidelines if he satisfies three requirements:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The first two requirements are satisfied.

With respect to the third requirement, Defendant has one prior offense, a 2002 felony drug crime conviction in Georgia. The dispute which controls the career offender issue concerns Defendant's 2007 felony drug crime conviction in Delaware County. The presentence report concluded that the 2007 Delaware County drug conviction was not a "prior offense" because the underlying conduct was also an overt act for the conspiracy charged in the Indictment in this case. The Government contended that under United States v. Marrone, 48 F.3d 735, 741 (3d Cir. 1995), it was not relevant whether Defendant's conduct underlying the 2007 state court conviction was related to the instant offenses of conviction. The Court initially agreed with the Government and ruled from the bench at the June 22, 2011 sentencing hearing that Defendant was a career offender.

On July 4, 2011, Defendant filed this Motion for Reconsideration. A second hearing was held on July 7, 2011. The final hearing is scheduled for July 18, 2011.

II.   Analysis

    A.   The Sentencing Guidelines

At issue in this case is the interplay between several of the Guidelines concerning "career offender" status and "related offenses." U.S.S.G. § 4B1.2. provides the definition of the term "two prior felony convictions" for purposes of determining career offender status. Application Note 1 to U.S.S.G. § 4B1.1. The term "two prior felony convictions" is defined in relevant part as follows: "(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. . . and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c). Additionally, "[t]he provisions of §4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under §4B1.1." Application Note 3 to U.S.S.G. § 4B1.2.

Turning to § 4A1.2, "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, <u>for conduct not part of the instant offense</u>." U.S.S.G. § 4A1.2(a)(1) (emphasis added). The Application Note 1 to U.S.S.G. § 4A1.2 explains: "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." Finally, under § 1B1.3, offenses are "related" if they are "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); <u>see also</u> Application Note 9(A) to U.S.S.G. § 1B1.3 ("For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one

3

common factor, such as common victims, common accomplices, common purpose, or similar modus operandi.").

    B. <u>United States v. Marrone</u>

In <u>United States v. Marrone</u>, the defendant appealed his sentence on a conviction for Racketeer Influenced and Corrupt Organizations ("RICO") offenses, contending the district court considered a RICO predicate act as a "prior offense" in determining his career offender status. <u>Marrone</u>, 48 F.3d at 736. Under one of the RICO counts, the Government charged Marrone with a predicate act of arson, for which he was previously convicted and sentenced in state court. <u>Id.</u> at 740. The district court determined that the state conviction for arson was a "prior offense" and classified Marrone as a career offender under U.S.S.G. § 4B1.1. <u>Id.</u> On appeal, Marrone argued that the predicate act was not a "prior conviction" under § 4B1.1 and § 4A1.2(a)(1) because the conduct was related to the instant RICO convictions for which he was being sentenced. <u>Id.</u>

The Third Circuit held that under U.S.S.G. § 2E1.1, "a prior conviction for a predicate act can increase a RICO defendant's criminal history score." <u>Id.</u> at 741. Pursuant to Application Note 4 of § 2E1.1, the court could consider conduct for which the defendant was previously sentenced as part of a "pattern of racketeering activity." <u>Id.</u>; <u>see also</u> Application Note 4 to § 2E1.1 ("Where such previously imposed sentence resulted from a conviction prior to the last overt act of the instant offense, treat as a prior sentence under § 4A1.2(a)(1) and not as part of the instant offense."). The Third Circuit rejected Marrone's argument "that the 'two prior felony convictions' referred to in U.S.S.G. § 4B1.1 which are necessary before the defendant is designated as a career offender must be separate from the 'instant offense.'" <u>Marrone</u>, 48 F.3d at 741. Rather, the requirement in § 4B1.2 that sentences for prior felony convictions be "counted

separately" meant that "'[t]he two prior convictions must be separate from each other,' not necessarily from the instant offense." Id. (quoting United States v. Belton, 890 F.2d 9, 10-11 (7th Cir. 1989)).  There was no dispute that Marrone's two prior convictions were separate from each other.  Id.

The Third Circuit adopted the Seventh Circuit's policy rationale in Belton that "classifying a defendant as a career offender because of conduct related to the offense of conviction is consistent with the policy of the career offender guideline," in that the defendant demonstrates his "'unresponsive[ness] to the "specific deterrence" of having been previously convicted.'"  Id. (quoting Belton, 890 F.2d at 10).  The Third Circuit also rejected Marrone's argument that "the 'instant offense' was not committed subsequent to his arson conviction as required by section 4B1.2(3)," finding that "'continued participation in a conspiracy [or RICO offense] after a felony conviction renders that conviction a prior felony conviction' for purposes of career offender sentencing."  Id. (quoting United States v. Elwell, 984 F.2d 1289, 1298 (1st Cir. 1993)).  Therefore, the Court affirmed Marrone's career offender status and the resulting sentence.  Id.

    C.    **United States v. Garecht**

Defendant argues that the Court should follow United States v. Garecht, 183 F.3d 671 (7th Cir. 1999).  In Garecht, the district court sentenced the defendant on the offense of conspiracy to distribute marijuana as a career offender, based on Garecht's previous convictions of battery and cocaine distribution.  Id. at 672.  On appeal, Garecht argued that the marijuana and cocaine convictions arose out of the same conspiracy, and therefore the cocaine conviction did not count as a "prior felony conviction."  Id. at 673.  The Seventh Circuit agreed with Garecht

and remanded for resentencing. Id.

First, the Seventh Circuit held that Garecht's cocaine offense was part of the common scheme or plan alleged in the indictment, and thus was related to the marijuana offense. Id. at 674. Second, the Court held that a "prior, related conviction could not serve as a prior felony conviction" under § 4B1.2. Id. at 675. The Garecht court distinguished an earlier Seventh Circuit case, United States v. Belton, 890 F.2d 9 (7th Cir. 1989), which held that a prior state conviction for conduct that was part of the instant offense was a "prior conviction" for purposes for career offender guideline. Belton, 890 F.2d at 10-11. At the time Belton was decided, "§ 4A1.2(a) was not included as one of the sections applicable to the counting of convictions." Garecht, 183 F.3d at 675; see also Belton, 890 F.2d at 11 ("If Belton were being sentenced under Part A of Chapter 4, the California conviction and sentence would not be a part of his criminal history usable to enhance his sentence."). In light of a revision to Application Note 3 to U.S.S.G. § 4B1.2, which made applicable the provisions of § 4A1.2 to § 4B1.1, the Seventh Circuit held that the district court erred by counting the cocaine conviction as a prior offense for career offender status. Garecht, 183 F.3d at 678.[1]

Dissenting in Garecht, Judge Easterbrook characterized Belton as holding "that for purposes of § 4B1.2(c)(2) the right question is whether the prior offenses are separate from each other," what he called "horizontal separateness." Garecht, 183 F.3d at 679 (Easterbook, J., dissenting). Judge Easterbrook criticized the majority in Garecht for evaluating not only "horizontal separateness" of the prior convictions but also "vertical separateness" of the prior

---

[1] Amendment 268, which modified Application Note 3 (previously Note 4) to U.S.S.G. § 4B1.2, became effective on November 1, 1989. Garecht, 183 F.3d at 675. Belton was argued on September 20, 1989, and decided on November 20, 1989.

convictions from the instant offense.  Id.  Judge Easterbrook found § 4A1.2 applied to career offender status even at the time of the Belton decision, and disagreed with the majority that the modifications to Application Note 3 distinguished the cases.  Id. at 680.  Judge Easterbrook found it was "untenable to assert that Amendment 268 for the first time made § 4A1.2 applicable to relatedness decisions under § 4B1.2."  Id. at 681.

      D.      **Application**

At Defendant's June 22, 2011 sentencing hearing, the Court acknowledged that Marrone addressed sentencing for a RICO offense, not a conspiracy to distribute and possess illegal drugs. However, the Court found that Marrone applied because of the similarity in structure between charging a RICO offense with predicate acts, and charging a conspiracy offense with overt acts. The Court concluded that it was bound to apply Marrone because the Third Circuit had not explicitly limited Marrone to the RICO context.

Upon further review, the Court believes its determination that Marrone controls this case was mistaken.  § 2E1.1, the exception to the requirement under § 4A1.2(a)(1) that a prior sentence must be "for conduct not part of the instant offense," explicitly addresses RICO offenses only.  The Guidelines do not contemplate that the exception for RICO cases will be applied to other offenses.  See United States v. Gross, 199 F. App'x 219, 244 (4th Cir. 2006) (non-precedential) ("RICO claims. . . present an exception to this general rule" that "where a defendant has prior convictions that were based on conduct that later forms the basis of a federal conviction, such prior convictions cannot be used for a career offender enhancement because of the relatedness of the underlying conduct," pursuant to § 2E1.1).

The Court has concluded that Defendant has the better argument and that Garecht should

be followed in this case. The Court appreciates the distinction that Judge Easterbrook drew in his dissent as to whether § 4B1.2(c)(2) requires horizontal separateness of the prior offenses, and/or vertical separateness of the prior offense and the instant offense. However, this distinction does not make a difference to the outcome of this case. This Court, like the Garecht majority, finds that both § 4A1.2 and § 4B1.2(c)(2) are relevant to determining career status. Whereas § 4A1.2 requires that the "prior sentence" must be "for conduct not part of the instant offense" (vertical separateness), § 4B1.2(c)(2) requires that the two prior convictions be "counted separately" from each other (horizontal separateness).

      Here, Defendant's 2002 conviction in Georgia and his 2007 conviction in Delaware County are horizontally separate from each other. However, the 2007 drug crime conviction is not vertically separate from the instant controlled substance offenses. The offenses are related because the conduct in the 2007 conviction was alleged to be part of the common plan or scheme in the Indictment on which Defendant was tried in this Court. See Application Note 1 to § 4A1.2 (incorporating the definition of related offenses from § 1B1.3). Indeed, the Government acknowledged the related nature of the offenses by charging the underlying conduct for the state conviction as an overt act for the conspiracy in the Indictment. Defendant's acquittal on the conspiracy charge does not negate the relatedness of the prior drug conviction to the instant drug conviction. The Government's position is inconsistent. The Government cannot allege the conduct underlying the 2007 conviction is an overt act in the Indictment but then deny it is a "related offense" for sentencing purposes. Therefore, the 2007 Delaware County conviction does

not count as a prior conviction for purposes of determining career offender status under § 4B1.1.[2]

### III.     Conclusion

For the above reasons, Defendant's Motion for Reconsideration is granted. The Court rules that Defendant is not a "career offender" under the Guidelines. An appropriate Order follows.

O:\Criminal Cases\07-38-16 Hull, Clyde\Mot Reconsideration Mem.wpd

---

[2] Although the Court finds that the Guidelines calculation in this case is complex, rather than ambiguous, in the event a reviewing court would find an ambiguity in the Guidelines, it is appropriate to apply the rule of lenity and resolve the ambiguity in Defendant's favor. "The rule of lenity provides that 'when ambiguity in a criminal statute cannot be clarified by either its legislative history or inferences drawn from the overall statutory scheme, the ambiguity is resolved in favor of the defendant.'" United States v. Flemming, 617 F.3d 252, 269 (3d Cir. 2010) (quoting United States v. Pollen, 978 F.2d 78, 85 (3d Cir. 1992)). The ambiguity or uncertainty must be "'grievous'" to apply the rule. Id. at 270 (quoting Muscarello v. United States, 524 U.S. 125, 138-39 (1998)). In the face of such an ambiguity, the rule of lenity prevents a defendant from receiving a significantly lengthier sentence under the Guidelines. Id. at 269 (citing United States v. Fenton, 309 F.3d 825, 828 n.3 (3d Cir. 2002)). Here, given the enormous disparity between Defendant's advisory Guidelines sentence as a career offender compared to the Guidelines otherwise applicable, the rule of lenity calls for resolving the ambiguity in his favor.