**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| CLYDE THOMAS HULL | : | NO. 07-38-16 |

**Baylson, J.**                                                                               **June 17, 2014**

**MEMORANDUM RE DEFENDANT'S**
**_PRO SE_ PETITION UNDER 28 U.S.C. § 2255**
**AND ORDER**

On July 15, 2009, a grand jury in the Eastern District of Pennsylvania returned a 64-count second superseding indictment of Clyde Hull and 20 other individuals, charging each defendant with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (Count One). The defendant also was charged in Counts Two, Four and Five with distribution of crack, in violation of 21 US.C. § 841(a)(1),(b)(1)(c).

On March 15, 2011, following a two-week trial, the jury acquitted the defendant of the conspiracy charge, but found him guilty of all other charges. The Probation Office calculated the advisory guideline range at 51 to 63 months imprisonment. After an extensive sentencing hearing, the Court decided to impose an upward variance and sentenced petitioner to ninety (90) months imprisonment.

Petitioner raises issues limited to ineffective assistance of counsel relating to his sentencing. Initially, the Court notes, as stated above, that the petitioner was acquitted of the most serious charge, for conspiracy. The defendant faced a guideline sentence of 51 to 63 months.

The government's brief reviews the extensive colloquy that took place during the sentencing hearing. Not only had petitioner's counsel been successful in getting an acquittal of the defendant on the serious charge of conspiracy, even though the government's evidence was sufficient to warrant a guilty verdict, but defense counsel also vigorously argued for a guideline sentence as calculated by the Probation Office. The Court, however, concluded that an upward variance was appropriate in view of the petitioner's substantial criminal record and his relevant conduct, including a threat to a government cooperating witness.

Following a direct appeal, the Third Circuit affirmed the judgment of sentence.

Under the well-known standard of *Strickland v. Washington*, 466 U.S. 668 (1984), a court can find ineffective assistance of counsel only if the petitioner can show that his counsel's performance fell below an objective standard of reasonableness and that but for counsel's performance, the outcome would likely have been different.

Considering the second ground, the Court cannot agree with petitioner that he has met the *Strickland* standard, because no alleged error or omission by defense counsel resulted in any increased sentence by the Court.

Petitioner's arguments primarily relate to his criminal history. The government's brief shows that the record, including the presentence report, contained abundant documentation for the calculations of criminal history. The petitioner contests his adjudication of delinquency, and, claims his counsel failed to request credit for time served on a state drug case that was considered relevant conduct. First the PSR documented petitioner's criminal history which was extensive. Settled law does not allow credit for time served. Petitioner also claims his counsel failed to object to the application of a single criminal history point for a prior sentence that was considered

2

relevant conduct. Petitioner omits reference to the full contents of the Presentence Report, particularly paragraphs 181-182. In any event, no criminal history points were assessed for the drug conviction noticed in paragraph 181 of the Presentence Report.

In any event, the petitioner's criminal history was substantial. His counsel argued vigorously and successfully persuaded the Court not to approve the government's attempts to warrant a higher sentence. The sentence itself is not subject to attack by a § 2255 petition. However, no lack of effort or competence by his counsel was a factor in the sentence that the petitioner eventually received.

For these reasons, the petition will be **DENIED**.

An appropriate Order follows.

O:\CRIMINAL CASES\07-38-16 HULL, CLYDE\07CR78.16.0616.14.MEMO.DOCX